GIBSON, DUNN & CRUTCHER LLP
SCOTT A. FINK, SBN 083408
AUSTIN V. SCHWING, SBN 211696
REBECCA JUSTICE LAZARUS, SBN 227330
One Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendant and Cross-Complainant
LEVI STRAUSS & CO. and Defendant LAURA
LIANG

POPELKA ALLARD, A P.C.
FRANKLIN E. BONDONNO, SBN 048937
JOSEPH H. AINLEY, SBN 141230
160 West Santa Clara Street, 12th Floor
San Jose, California 95113-1733
Telephone: (408) 298-6611
Facsimile: (408) 275-0814

Attorneys for Plaintiffs ROBERT SCHMIDT
and THOMAS WALSH

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH,<br><br>Plaintiffs,<br><br>v.<br><br>LEVI STRAUSS & CO., LAURA LIANG and Does 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIM | CASE NO. C-04-01026 RMW (HRL)<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER<br>(MODIFIED BY THE COURT)<br>Judge:   The Hon. Ronald M. Whyte |

WHEREAS Plaintiffs and Cross-Defendants Robert Schmidt and Thomas Walsh, Defendant and Cross-Complainant Levi Strauss & Company, and Defendant Laura Liang (collectively, the

"Parties") anticipate that this litigation will involve the production of voluminous documents and testimony;

WHEREAS the Parties anticipate that among the documents and testimony that may be provided will be confidential trade secrets, financial, commercial, proprietary, personnel or personal information of the Parties or nonparties; and

WHEREAS the Parties believe that the entry of an Order limiting the use of confidential trade secrets, financial, commercial, proprietary, personnel or personal information of the Parties or nonparties will facilitate their efforts to provide documents and testimony to one another.

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the Parties, by and through their respective counsel, that the Court should enter a protective order according to the following terms and provisions:

### 1. Definition of Confidential Information

For purposes of this Protective Order, "confidential information" means any type or classification of information, whether originals, copies, or in redacted form, or whether in oral deposition testimony (transcript or videotape), interrogatory responses or responses to requests for admission, consisting of business or financial records, documents containing trade secrets or proprietary information, personnel records, medical or psychiatric records, records or information on any criminal history, records or information on financial information, records and/or sexual history, any other personal documents or information of the parties or their employees or agents, and any other writing as defined by Federal Rule of Evidence 1001(1), reflecting confidential, commercial or personal information that counsel for any of the parties has in good faith designated as confidential. No information shall be claimed to be confidential unless counsel making the claim has a reasonable, good faith belief that the information ~~meets the criteria specified above~~ **warrants protection under Fed.R.Civ.P. 26(c).** Once so designated, confidential information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by all of the parties or removed in whole or in part upon further order of the Court. The designation of information as "confidential" shall not have any impact on the use or admissibility of that information at any trial, hearing, or other proceeding before the Court in this action.

2. **Time and Manner of Designation**

    2.1   **Exercise of Restraint and Care in Designating Material for Protection**

    Each party or nonparty who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    2.2   **Manner and Timing of Designations**

    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated as such before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the producing party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the protection being asserted (i.e., "CONFIDENTIAL").

    A party or non-party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains protected material. If only a portion or portions of the material on a

page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the protection being asserted (i.e., "CONFIDENTIAL").

(b) for testimony provided in deposition or in other pretrial proceedings, that the party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the protection being asserted ("CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

### 2.3 Inadvertent Failures to Designate or Object

Counsel may designate documents and writings as confidential at the time of production of documents or other writings reflecting information counsel designates as confidential at any time during a deposition, or within thirty (30) days after delivery of deposition transcripts containing confidential documents. Any confidential documents inadvertently not designated as confidential at the time of production or within thirty (30) days after the delivery of deposition transcripts may be

late designated as confidential at any time up to and including thirty (30) days before trial. In a similar manner, a party that inadvertently failed to object to a confidential designation may later serve an objection at any time up to and including thirty (30) days before trial. The inadvertent failure to designate information in accordance with this protective order or the inadvertent failure to object to a designation at the given time shall not preclude the filing of a noticed motion at a later time seeking to impose such a designation or challenge the propriety thereof.

### 2.4   Levi Strauss Documents In Plaintiffs' Possession

Those documents previously produced by counsel for Robert Schmidt and/or Thomas Walsh to Levi Strauss & Company or its counsel are deemed confidential under this Protective Order. Further, the documents Levi Strauss & Company previously produced to plaintiffs Robert Schmidt and Thomas Walsh that were marked as "confidential" shall be deemed confidential under this Protective Order.

### 3.   Process for Challenging Confidentiality Designations

#### 3.1   Timing of Challenges

A party may challenge a designating party's confidentiality designation by serving a written objection within fifteen (15) days of receipt of that designating party's claim of confidentiality.

#### 3.2   Meet and Confer.

A party that objects to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party should explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The designating party shall have ten (10) days to reconsider its position and communicate its position in writing (by facsimile) to the opposing party.

#### 3.3   Judicial Intervention

In the event that the Parties disagree as to the designation of materials or testimony as confidential, and, after good faith meet-and-confer negotiations, are unable to reach agreement regarding removing from the restrictions of this Protective Order any document, testimony, or other material claimed to be confidential, the

designating party may, upon motion made within ten (10) days of the failure to resolve informally any disputed designation pursuant to section 3.2 above, move the court, **as provided in Civ. L.R. 7 (and in accordance with Civ. L.R. 79-5, if applicable)** ~~by letter brief~~ (with notice and all supporting papers sent by facsimile to the other parties) for an order approving the confidential designation. Upon receipt of such motion, any party opposing the motion shall submit an opposition letter brief to the court (with copies sent by facsimile to the other parties) **as provided in Civ. L.R. 7 (and in accordance with Civ. L.R. 79-5, if applicable).** ~~within seven (7) day after the date of the moving party's notice.~~

The burden of establishing the claimed confidentiality shall be upon the designating party. Until the court rules on the motion, all Parties, shall continue to afford the material in question the protection to which it is entitled under the producing party's designation.

### 4. Coverage

This Protective Order shall control the pretrial production, disclosure, and use of confidential information revealed by or to the Parties or any of them, through deposition or other testimony, through declarations, through responses to interrogatories or requests for admissions, through production of documents, through other discovery, or any other informal exchange of information between the Parties. This Protective Order shall not constitute or be deemed to constitute any admission by any of the parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial, or whether particular information was or is considered confidential by a party for the purposes of the Cross-Complaint in this action filed by Levi Strauss & Co.

### 5. Use of Confidential Information at Trial Not Covered

This Protective Order applies only to information disclosed in the course of pretrial discovery and pretrial proceedings in this action. Counsel for the Parties agree to negotiate in good faith with respect to the procedure for utilizing confidential information at the trial of this action. Any dispute, regarding the use of any confidential information at the trial of this action will be resolved by the Court.

### 6. **Limits on Disclosure and Use**

Documents and information designated confidential pursuant to this Protective Order shall not be disclosed to any of Defendants' competitors, to any media representative, or to any other persons, nor shall such documents or information be published in any public forum, including without limitation, the Internet, except that documents and information designated confidential may be disclosed to the following persons and entities for a purpose related to the prosecution or defense of this action:

(a) the Parties, counsel for the parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants assisting such counsel, court or stenographic reporters retained to report a witness's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

(b) representatives of the Parties hereto who are responsible for assisting counsel in the preparation for or trial of this case;

(c) experts and consultants retained or employed to consult with, advise or assist counsel in the preparation for or trial of this case;

(d) persons who are being prepared by counsel to give testimony at a deposition, hearing, or at trial of this case, provided it is necessary for their testimony;

(e) persons who are being examined by counsel at a deposition, hearing, or at trial of this case when the examining attorney initiates questioning related to the document(s) or information, and

(f) court personnel, including judges, court commissioners, court reporters, law clerks, clerks and jurors engaged in proceedings in this case.

(g) (1) to a governmental entity in response to a legitimate subpoena or administrative order from such governmental entity, which is authorized to issue the same, or (2) to a governmental entity in response to a written request for information from the entity, only when such entity does not have the power by statute or common law to issue subpoenas or administrative orders to

compel the disclosure of information, provided that the party receiving such subpoena or administrative order, or, as the case may be, information request, shall give prompt written notice by facsimile service of the receipt of such subpoena, order, or information request to other parties in this action, so that any party may make objection to the subpoena, order, or information request to the extent permitted by law;

   (h) in accordance with further orders of this court.

When one party has expressly designated information as confidential in conformity with paragraphs 1 and 2 above, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. No confidential documents and information may be disclosed to any of the persons listed in paragraph 6, subparagraphs (a) through (d) above unless he/she agrees in writing to use said documents or information only for the purpose of this litigation and further agrees not to disclose the confidential documents or information to anyone not permitted to receive them under this protective order. The Acknowledgment of Confidentiality form attached to this Order as Exhibit A shall be used for this purpose. Counsel initiating a disclosure under this paragraph shall obtain, and retain the written agreements in the event any proceedings are necessary to enforce the terms of this Protective Order.

Information and documents subject to this Protective Order may be used only in connection with this litigation and not for any other legal, business, competitive, or other purpose. If any information or documents subject to this Protective Order are furnished to any federal government agency by any party, the party furnishing the information or documents shall simultaneously notify the agency of the existence of this Protective Order and provide a copy of this Order to the agency.

**7.** **Lodging or Filings With the Court**

If a party seeks to file or lodge under seal with the Court a document, testimony, or other information that it designated as confidential, that party shall comply with Northern District of California Civil Local Rule 79-5, which sets forth the procedure for filing documents under seal.

If a party seeks to file or lodge with the Court a document, testimony, or other information that has been designated as confidential by another party (the "Designating Party"), the party seeking

to file or lodge that confidential material shall notify the Designating Party of its intention to do so at least three (3) business days before filing or lodging that confidential material with the Court. The Designating Party shall inform the party seeking to file or lodge that confidential material whether the document must be filed under seal within two (2) business days after receiving notice from the party seeking to file or lodge that confidential material with the Court. To the extent the Designating Party informs the other party that the confidential material must be filed under seal, the Designating Party shall prepare and file an Administrative Motion to File Under Seal, a declaration supporting that motion, and a proposed order sealing the document as set forth in Northern District of California Civil Local Rule 79-5(b) and (c). The party filing or lodging that confidential information with the Court shall comply with Northern District of California Civil Local Rule 79-5(b)(3) and (4) and 79-5(c)(3), (4) and (5) regarding submitting documents under seal.

**8.     Notice of Coverage by Order**

Deposition transcripts, videos, CDs, DVDs, documents, and other discovery materials that have been designated to contain confidential information will be marked by the court reporter or by the Parties or their counsel on the cover of the transcripts or in other prominent locations to reflect this Protective Order.

9.     Modification Of Order

Material including designated confidential information may be removed from the restrictions of this Protective Order only upon the written agreement of the Parties or by Court order.

**10.    Return of Designated Confidential Information**
**Except for materials submitted to the Court,**
When the action has terminated by settlement, judgment, or dismissal and all appeals have been exhausted, all designated confidential information shall be returned to the party producing the documents, including all copies and excerpts thereof, upon said party's request. Such request shall be made within forty-five (45) days of termination of the action.

**11.    Limits on Scope of Protective Order**

Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request. To the extent that a party produces documents or

1  information pursuant to this Protective Order that are covered, or believed in good faith to be
2  covered, by the attorney work product doctrine or attorney-client communication privilege or any
3  other privilege, no waiver of the attorney work product doctrine or attorney-client privilege or any
4  other privilege shall be construed as a result of that production as it relates, or may relate, to the
5  documents produced, or otherwise. Neither shall this Protective Order be construed so as to prejudice
6  the right of any party hereto to file and use a designated document in this Court in connection with
7  / / /
8  / / /
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /

motions, pretrial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the Parties comply with the provisions of this Protective Order.

**IT IS SO AGREED**:

DATED: August 12, 2005

                              GIBSON, DUNN & CRUTCHER LLP

                              By: *Scott Fink* x A/S
                                      Scott A. Fink

Attorneys for Defendant and Cross Complainant LEVI STRAUSS & CO. and Defendant LAURA LIANG

TRACY M. PRESTON, SBN 154393
LEVI STRAUSS & CO.
1155 Battery Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 501-6000

ROBERT J. VIZAS, SBN 56187
One Maritime Plaza, Suite 2400A
San Francisco, California 94111
Telephone: (619) 743-6070

Attorneys for Defendant and Cross Complainant LEVI STRAUSS & CO.

DATED: August 12, 2005

POPELKA ALLARD, A P.C.

By: _____
　　　　Joseph H. Ainley

LAW OFFICES OF PHILIP E. KAY
PHILIP E. KAY, SBN 99830
LAWRENCE A. ORGAN, SBN 175503
736 43rd Avenue
San Francisco, California 94121
Telephone: (415) 387-6622
Facsimile: (415) 387-6722

Attorneys for Plaintiffs ROBERT SCHMIDT and THOMAS WALSH

**PURSUANT TO STIPULATION (AS MODIFIED BY THE COURT), IT IS SO ORDERED.**

Dated: **August 23, 2005**　　　　　/s/ Howard R. Lloyd
_____
UNITED STATES ~~DISTRICT COURT~~ JUDGE
　　　　　　　　　　~~RONALD WHYTE~~ MAGISTRATE

**ACKNOWLEDGEMENT OF CONFIDENTIALITY (EXHIBIT A)**

I _____, have read and understand the Stipulation and Protective Order ("Protective Order") issued in the *Schmidt, et al. v. Levi Strauss & Co., et al.* action, CASE NO. C-04-01026, before the United States District Court for the Northern District of California. I hereby agree to abide by the Protective Order, which is incorporated herein by reference, including but not limited to paragraph 6 of said Protective Order, which prohibits me from disclosing confidential information to any other person or entity, except as otherwise provided by the Protective Order. I consent to the jurisdiction of United States District Court for the Northern District of California to adjudicate any issues arising out of the Protective Order or this Acknowledgement of Confidentiality.

Agreed to on _____
  Date

_____
Printed name

_____
Signature

40207785_3.DOC