United States District Court
For the Northern District of California

*E-FILED ON 5/31/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH, <br><br> Plaintiffs, <br> v. <br><br> LEVI STRAUSS & CO., LAURA LIANG and DOES 1-50, <br><br> Defendants. | No. C04-01026 RMW (HRL) <br><br> **ORDER GRANTING WITHOUT PREJUDICE DEFENDANT LEVI STRAUSS & CO.'S MOTION FOR PROTECTIVE ORDER** <br><br> **[Re: Docket No. 44]** |

On May 30, 2006, this court heard the "Motion of Defendant Levi Strauss & Co. for Protective Order to Prohibit the Deposition of Philip Marineau." Plaintiffs Robert Schmidt and Thomas Walsh opposed the motion. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, the court grants the motion without prejudice.

**I.   BACKGROUND**

Plaintiffs worked in the tax department at defendant Levi Strauss & Co. ("LS&Co.") under the supervision of defendant Laura Liang. Their employment was terminated on December 10, 2002. In April 2003, plaintiffs filed a lawsuit against LS&Co. and Liang in state court, alleging that their employment was wrongfully terminated because they complained

1 about alleged tax fraud by LS&Co. They also claimed that they were defamed based upon
2 statements Liang made about their work performance and integrity in LS&Co. memoranda.[1]

3 On March 12, 2004, plaintiffs filed the instant lawsuit for alleged violation of the
4 Sarbanes-Oxley Act (18 U.S.C. § 1541A), claiming that they were wrongfully terminated in
5 retaliation for complaining about tax fraud by LS&Co. Plaintiffs further claim defamation
6 based upon allegedly false statements Liang made in LS&Co. documents as to the reasons for
7 their termination, their abilities and integrity. LS&Co. denies any wrongdoing and asserts
8 several counterclaims against plaintiffs, alleging that they took confidential company
9 documents with them when their employment was terminated.

10 The parties agreed to stay the state court lawsuit pending the resolution of the present
11 federal action. Additionally, although plaintiffs' complaint in the instant action includes a
12 number of state law claims, LS&Co. indicates that the parties have stipulated that only
13 plaintiffs' Sarbanes-Oxley and defamation claims and LS&Co.'s counterclaims will be tried in
14 this case.

15 The instant discovery dispute stems from plaintiffs' notice for the deposition of
16 LS&Co.'s Chief Executive Officer, Philip Marineau. LS&Co. moves for a protective order
17 preventing that deposition from going forward on the ground that Marineau has no unique
18 personal knowledge about the allegations in this case.

## II. LEGAL STANDARD

20 Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a
21 party or person from annoyance, embarrassment, oppression, or undue burden or expense" in
22 discovery by ordering "that the disclosure or discovery not be had" or "that the disclosure or
23 discovery may be had only on specified terms and conditions, including a designation of the
24 time and place . . .." *See* FED.R.CIV.P. 26(c)(1), (2). The party seeking a protective order has
25 the burden of showing that the protection is warranted under Fed. R. Civ. P. 26(c). It cannot
26 meet its burden by relying upon conclusory statements; rather, it must make a "particular and

---

[1] LS&Co.'s motion for judicial notice of records from the state court action is granted insofar as it appears to present undisputed matters of public record. F.R.EVID. 201.

2

1 specific need for the protective order." *Methode Elecs., Inc. v. Finisar Corp.*, 205 F.R.D. 552,
2 554 (N.D. Cal. 2001) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.
3 1990)). Even where "good cause" is established, the court will balance the interests in allowing
4 discovery against the relative burdens that would be imposed.

### III. DISCUSSION

6 Preliminarily, this court notes that the parties devoted a considerable portion of their
7 briefs arguing over whether plaintiffs permissibly could amend their complaint to include
8 information they might, hypothetically, obtain from Marineau concerning their defamation
9 claims. However, that issue is not before this court on the instant motion. The only question
10 for this court to resolve is whether plaintiffs should be permitted to depose Marineau.

11 Corporate officers, also referred to as "apex officials," are not immune from discovery.
12 *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). However, recognizing the potential for
13 discovery abuses, courts have protected high-level corporate officers from depositions where
14 the officer has no first-hand knowledge of the facts of the case or where the officer's testimony
15 would be repetitive. *See id.*; *see also Baine v. Gen'l Motors Corp.*, 141 F.R.D. 332 (M.D. Ala.
16 1991) (holding that plaintiffs could not depose the vice president in the absence of showing that
17 the information sought could not be obtained from less intrusive means, such as deposing
18 lower-level employees and written discovery). "Even when an executive does have personal
19 knowledge about the case, the court still may fashion a remedy which reduces the burden on the
20 executive." *Folwell v. Hernandez*, 210 F.R.D. 169, 174 (M.D.N.C. 2002).

21 The crux of the instant dispute concerns LS&Co.'s April 15, 2003 press release in which
22 Marineau is quoted as stating:

> The two former employees who filed the lawsuit were dismissed late last year for reasons completely unrelated to the allegations made in their lawsuit . . .. Unfortunately, they have chosen to respond to their dismissal by making false claims in litigation. After these two individuals raised concerns about [LS&Co.]'s tax accounting, the company's audit committee launched a thorough and independent investigation using outside legal counsel and our outside auditors. Based on the results of the investigation, we confirmed that our tax accounting was accurate and appropriate.

(Schwing Decl., Ex. 1).

3

1    Plaintiffs point out that in response to requests for admission, LS&Co. admitted that the
2 press release is genuine and that Marineau made the statements that are attributed to him.  (*See*
3 Ainley Decl., Ex. B).  They contend that the press release therefore warrants an oral deposition
4 of Marineau to explore the basis for his statement (i.e., his state of mind) and to (possibly)
5 discover additional facts in support of their defamation claim.  Plaintiffs apparently have taken
6 other discovery (including a deposition of Liang limited to privilege issues), but assert that they
7 need not spend time seeking discovery from lower-level employees because the press release
8 statements "begin and end with Mr. Marineau himself."  (Opp. at 5:17-18).  LS&Co. maintains
9 that Marineau lacks first-hand personal knowledge about the events at issue alleged in
10 plaintiffs' complaint.  They further argue that plaintiffs are improperly seeking Marineau's
11 deposition to determine whether they have any basis for claims which have not been asserted.
12 To bolster their respective arguments, both parties refer to plaintiffs' previous (and
13 unsuccessful) attempt to depose Marineau in the state court action.  Each party characterizes the
14 state court's ruling differently, and draws different inferences from it as to whether plaintiffs
15 should now be permitted to proceed with Marineau's deposition.  Suffice to say, the state
16 court's ruling is not binding upon this court.

17    Nevertheless, on balance, this court concludes that LS&Co. has shown good cause for a
18 protective order.  Here, LS&Co. contends, and plaintiffs do not dispute, that Marineau was not
19 involved in the decisions to discipline plaintiffs or to terminate their employment and that
20 plaintiffs' defamation claims are based upon Liang's alleged conduct.  LS&Co. has submitted a
21 copy of Marineau's June 13, 2003 declaration that was filed in connection with defendant's
22 previous motion for protective order in the state court action.[2]  In that declaration, Marineau
23 attests that (1) he has never had any discussions with plaintiffs about the finances, management
24 or operation of LS&Co. (or that if he did, he does not recall the subject or content of any such
25 conversations); (2) he had no involvement in or knowledge of the personnel decisions to
26 discipline or discharge plaintiffs; and (3) through consultation with in-house and outside

---

[2] LS&Co. has not submitted a current declaration from Marineau.  However, it represents that nothing has changed since he executed his June 13, 2003 declaration and that Marineau has no more personal knowledge now than he did then.

4

1 counsel, he obtained knowledge of "some facts and circumstances" about plaintiffs' allegations
2 after their employment was terminated. (Schwing Decl., Ex .6).

3       This court is unpersuaded by LS&Co.'s argument that everything Marineau learned
4 from counsel is protected by the attorney-client privilege. At the same time, however, plaintiffs
5 say that they have no reason to doubt that Marineau has only second-hand knowledge from
6 counsel or that Marineau's declaration is true. Moreover, there is no indication that Marineau
7 has unique personal knowledge of the matters in dispute or has information pertinent to
8 plaintiffs' claims that is unavailable from other sources. Under the circumstances presented, the
9 court finds that the potential benefit of proceeding with an oral deposition is outweighed by the
10 burden that would be imposed. Accordingly, LS&Co.'s motion for protective order will be
11 granted without prejudice to plaintiffs to seek Marineau's oral deposition if other discovery
12 shows that such an examination is warranted.

### IV. ORDER

14       Based on the foregoing, IT IS ORDERED THAT LS&Co.'s motion for protective order
15 is GRANTED WITHOUT PREJUDICE to plaintiffs to seek Marineau's oral deposition upon a
16 showing that he has unique personal knowledge pertinent to the issues in dispute that cannot be
17 obtained through other sources.

18 Dated: May 31, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**5:04-cv-1026 Notice will be electronically mailed to:**

Joseph Heathcliff Ainley JAinley@popelka.com, gsimmons@popelka.com

Franklin Edward Bondonno fbondonno@popelka.com, dlee@popelka.com

Rebecca Justice Lazarus rjustice@gibsondunn.com, rmcbain@gibsondunn.com

Jeffry W. Lochner jlochner@popelka.com

Erin E. Schneider eschneider@gibsondunn.com

Austin Van Schwing aschwing@gibsondunn.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.