*E-FILED ON 8/1/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH,<br><br>    Plaintiffs,<br> v.<br><br>LEVI STRAUSS & CO., LAURA LIANG and DOES 1-50,<br><br>    Defendants. | No. C04-01026 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER TO INCREASE THE PERMITTED LENGTH OF EACH KPMG WITNESS DEPOSITION**<br><br>**[Re: Docket No. 57]** |

On August 1, 2006, this court heard the "Motion for Order to Increase the Permitted Length of Each KPMG Witness Deposition" filed by plaintiffs Robert Schmidt and Thomas Walsh. Defendant Levi Strauss & Co. ("LS&Co.") and third-party KPMG each opposed the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants the motion in part and denies the motion in part.

**I.   BACKGROUND**

Plaintiffs were formerly employed in defendant LS&Co.'s tax department. Their employment was terminated in December 2002. In this lawsuit, filed under the Sarbanes-Oxley Act (18 U.S.C. § 1541A), plaintiffs claim that they were wrongfully terminated in retaliation for complaining about LS&Co.'s alleged tax fraud.

Plaintiffs have noticed the depositions of several KPMG employees whom they say were

1  charged with reviewing, analyzing, auditing and approving LS&Co.'s finances during the
2  relevant time frame encompassed by their complaint.  Those KPMG witnesses are:  (1) Doug
3  Hart, (2) Dean Kamahale, (3) Marty Skrip, (4) Troy Rudd, (5) Jim Sams, (6) David Zaiken and
4  (7) Mike Burke.  Plaintiffs assert that the identified KPMG witnesses have information directly
5  relevant to their claims – namely, information about LS&Co.'s valuation allowance, deferred
6  tax assets, foreign tax credits and the decision requiring LS&Co. to restate income in the
7  amount of $450,000,000.  KPMG has agreed to produce its witnesses[1] for deposition, but argues
8  that the statutory seven-hour limit is sufficient for a fair examination of each witness.
9  Defendant LS&Co. has indicated that it wants up to 3.5 hours (i.e., half of the seven-hour limit)
10 to examine each KPMG witness, although it acknowledged at oral argument that it may not
11 need a long period of time to depose every witness.  Plaintiffs do not oppose LS&Co.'s claim
12 for equal time; however, they argue that they need substantially more than 3.5 hours to
13 complete their own examination.
14   Plaintiffs now move for an order permitting the parties to depose each KPMG witness
15 for four days, with each side to have up to two days of examination for each witness.  They
16 contend that four days are needed for a fair examination because the instant litigation entails
17 unusual complexity and involves numerous documents consisting of detailed financial records.

## II.  DISCUSSION

19   Fed. R. Civ. P. 30(d)(2) limits a deposition to "one day of seven hours," but provides
20 that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair
21 examination of the deponent or if the deponent or another person, or other circumstance,
22 impedes or delays the examination."  FED.R.CIV.P. 30(d)(2).
23   Preliminarily, defendant LS&Co. argues that plaintiffs' request for four days of
24 deposition for each of the seven identified KPMG witnesses violates the District Court's May 5,
25 2006 scheduling order.  Here, LS&Co. points out that the scheduling order permits plaintiffs to
26 take up to eighteen depositions, only five of which are not subject to the presumptive seven-
27 hour time limitation.  (*See* May 5, 2006 Case Management Order, Docket No. 51 at p. 2).  It
28

---

[1] KPMG advises that it does not represent David Zaiken or Mike Burke.

2

1 adds that, after KPMG repeatedly said that its witnesses would appear for one day of deposition, 2 plaintiffs advised the District Court that they would need only five depositions which would last 3 longer than one day.  Further, LS&Co. contends that there is not enough time under the current 4 case management schedule for the parties to take up to twenty-eight days of KPMG depositions. 5 It says that plaintiffs (1) have already taken the depositions of five LS&Co. employees and 6 former employees, (2) are attempting to schedule five more depositions of LS&Co. employees 7 and former employees (including the deposition of defendant Liang, which plaintiffs have 8 indicated will take more than seven hours to complete), and (3) have indicated that they will 9 resume several LS&Co. employee depositions which have already been started.

10 There is nothing in the District Court's scheduling order expressly stating that the limit 11 on multi-day depositions applies only to party-affiliated depositions.  In any event, it is not 12 apparent that plaintiffs have exhausted their total eighteen-deposition limit.  As discussed more 13 fully below, this court does not find that this order will cause the parties to run afoul of the 14 limits or time schedule set by the District Court.

15 As a procedural matter, KPMG argues that plaintiffs should have first exhausted their 16 allotted 3.5 hours of deposition before filing the instant motion.  Here, it points out that Rudd 17 flew to Northern California and KPMG made him available for a full day of deposition, but that 18 plaintiffs voluntarily terminated the deposition after less than two hours of examination.  (*See* 19 Huser Decl. ¶ 9, Ex. D (Rudd Depo. at 95:5-25)).  Generally, it is preferable for a party to first 20 proceed with the deposition under available limits because only then will it be evident whether 21 additional time really is necessary.  *See Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 22 (D. Mass. 2002) (directing the parties to proceed with the deposition, and stating that the court 23 will not intervene unless the parties are unable to stipulate to any additional time that may be 24 needed).  At the same time, however, Fed.R.Civ.P. 30 does not require that available time limits 25 be exhausted before a party may move for relief.  Here, it is not clear that requiring plaintiffs to 26 proceed with the depositions first will necessarily obviate the instant motion or lead to a more 27 efficient resolution of the dispute.  Accordingly, the court declines to deny the motion on this 28 basis.

3

1   As to the substance of plaintiffs' motion, both KPMG and LS&Co. contend that
2   plaintiffs have failed to show good cause why four days of deposition are needed as to any
3   particular witness. This court agrees with respect to Doug Hart, Dean Kamahale, Marty Skrip,
4   and Mike Burke. As to these witnesses, plaintiffs rely primarily upon generalizations and a
5   bare assertion that these individuals "also participated in providing LS&Co. with a favorable
6   analysis and a clean audit." (Reply at 3:4-5). However, plaintiffs have not demonstrated that
7   the role these individuals allegedly played in the events at issue were so substantial that they
8   should fairly submit to more than one day of deposition.

9   Similarly, plaintiffs have not shown good cause for four days of deposition with respect
10  to Jim Sams. Here, plaintiffs assert that Sams, who resides in London, England, "gave a rubber
11  stamp of approval to LS&Co.'s tax and accounting treatment and essentially blessed the manner
12  in which LS&Co. treated its financial statements and how it reserved against risk." (Reply 3:1-
13  3). While they complain that it will be unfair to travel to London for only 3.5 hours of
14  deposition, they also have made no showing that Sams' alleged role in the transactions in
15  question requires more than one day of deposition.[2]

16  As for Troy Rudd and David Zaiken, the parties dispute the importance of these
17  witnesses. LS&Co. asserts that Rudd and Zaiken were involved in reviewing LS&Co.'s
18  financial statements for only a few weeks during one fiscal quarter of 2002. KPMG contends
19  that Rudd's prior deposition testimony suggests that he was removed from the LS&Co. audit
20  after less than two months because he knew plaintiffs before KPMG was engaged by LS&Co.
21  (Huser Decl., ¶¶ 4-5, Ex. A (Rudd Depo. at 30:6-12); Ex. B (Rudd Depo. at 39:14-17, 40:8-11,
22  27:12-17)).

23  Plaintiffs contend that Rudd and Zaiken are particularly important, asserting that they
24  "were assigned as the primary KPMG auditors of LS&Co. in 2002, at the very time in which
25  plaintiffs Thomas Walsh and Robert Schmidt were communicating their concerns to LS&Co.'s
26  senior financial officers regarding LS&Co.'s tax and accounting practices and procedures."

---

[2] KPMG contends that because Sams lives in London, plaintiffs must, in any event, proceed with his deposition through letters rogatory pursuant to Fed.R.Civ.P. 28(b).

4

(Kay Decl., ¶ 4). Additionally, plaintiffs' counsel attests that Rudd and Zaiken authored a number of emails and that Zaiken also authored a memo summarizing the status of their audit as well as their concerns (i.e., concerns which purportedly were similar to those raised by plaintiffs).[3]  (*Id*., ¶¶ 5-9).

This court finds that plaintiffs have not shown good cause to depose Messrs. Rudd and Zaiken for four days.  Indeed, plaintiffs state that they "prefer," but will likely not need, to have each witness appear for four days of examination.  Nevertheless, this court is persuaded that more than 3.5 hours will be reasonably necessary for a fair examination of these witnesses.  In view of the complexity of issues presented, the alleged role of Rudd and Zaiken in connection with the alleged events in question, and the involvement of multiple parties with a need to depose these individuals, each side will be permitted to depose each witness for an additional 3.5 hours (i.e., each side will have one day of seven hours in which to complete their respective examinations).  The time plaintiffs spent examining Rudd during his previous deposition session on January 26, 2006 shall count against their seven-hour limit.

Although it is true that plaintiffs voluntarily (and perhaps, prematurely) terminated Rudd's prior deposition session, KPMG has not convincingly demonstrated that they should now be barred from deposing him altogether.  Nevertheless, the parties are admonished to conduct their examination of these third parties as expeditiously as possible.[4]  Nothing in this order will preclude a party or witness from seeking appropriate relief if a deposition is conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the deponent.

---

[3]  Kay's declaration, submitted in support of plaintiffs' reply brief, refers to a number of KPMG documents which apparently were to have been attached as exhibits. However, the referenced exhibits were not filed with the court. Accordingly, the court is left to rely upon plaintiffs' characterization of the referenced documents.

[4]  KPMG argues that plaintiffs' prior examination of Rudd was not as efficient as it could have been insofar as some time was spent examining Rudd about irrelevant matters.  Indeed, it appears that some time – albeit only a minute or so – was spent examining Rudd about personal family matters with no apparent relevance to the litigation. (Huser Decl., ¶ 10, Ex. E (Rudd Depo. at 10:1-22)).

5

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT plaintiffs' "Motion for Order to Increase the Permitted Length of Each KPMG Witness Deposition" is GRANTED IN PART AND DENIED IN PART as follows:

   1.   The motion as to Troy Rudd and David Zaiken is GRANTED IN PART. Each side will be permitted to depose each witness for one day of seven hours. The time plaintiffs spent examining Rudd during his January 26, 2006 deposition session shall count against their seven-hour limit.

   2.   The motion is DENIED as to Doug Hart, Dean Kamahale, Marty Skrip, Mike Burke and Jim Sams.

Dated:   August 1, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:04-cv-1026 Notice will be electronically mailed to:**

Joseph Heathcliff Ainley JAinley@popelka.com, gsimmons@popelka.com

Franklin Edward Bondonno fbondonno@popelka.com, dlee@popelka.com

Philip Edward Kay phil@nosexualharassment.com

Rebecca Justice Lazarus rjustice@gibsondunn.com, rmcbain@gibsondunn.com

Jeffry W. Lochner jlochner@popelka.com, kanderson@popelka.com; jlochner@verizon.net

Sheila Marie Pierce sheila.pierce@bingham.com

Erin E. Schneider eschneider@gibsondunn.com

Austin Van Schwing aschwing@gibsondunn.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.