*E-FILED ON 12/26/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH, | No. C04-01026 RMW (HRL) |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANT LEVI STRAUSS & CO.'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY** |
| v. | |
| LEVI STRAUSS & CO., LAURA LIANG, and DOES 1-50, | |
| Defendants. | **[Re: Docket No. 75]** |

Defendant Levi Strauss & Co. ("LS&Co.") moves for (1) an order compelling further deposition testimony from plaintiffs and (2) a protective order prohibiting plaintiffs' counsel from engaging in improper deposition conduct. It contends that during each plaintiff's deposition, plaintiffs' counsel made improper objections and engaged in conduct designed to disrupt the examination. Plaintiffs oppose the motion. They argue that their counsel's objections were entirely justified and that any delay in their depositions is the fault of defense counsel. They request that the court issue an order terminating their depositions. Upon consideration of the papers filed by the parties, as well as the arguments presented at the December 5, 2006 motion hearing, this court grants the motion in part.

**1.   Plaintiffs' Procedural Objection**

Preliminarily, plaintiffs argue that LS&Co. failed to meet-and-confer before filing the instant motion. They also contend that LS&Co. deliberately chose a December 5, 2006 hearing

1  date, knowing that it would not be convenient for plaintiffs' counsel to file the opposition
2  papers. The record presented indicates that LS&Co. did meet-and-confer about the issue of
3  counsel's instructions not to answer certain deposition questions. (See, e.g., Schwing Decl., Ex.
4  AA). Additionally, in view of the colloquy on the record during the depositions in question, it
5  does not appear that further meet-and-confer negotiations would have resolved the issues
6  between the parties. Moreover, it appears that LS&Co. did confer with plaintiffs about an
7  agreeable hearing date and set the matter for a December 5, 2006 hearing without objection
8  from plaintiffs. (See Suppl. Schwing Decl., ¶¶ 2-3). Accordingly, the court declines to deny
9  the motion on this basis.

### 2. LS&Co.'s Procedural Objection

The briefing on the instant motion closed on November 21, 2006. However, without leave of court, plaintiffs' counsel, Joseph Ainley, filed a supplemental declaration on November 29, 2006. Then on November 30, 2006, without leave of court, LS&Co.'s counsel, Austin Schwing, filed a declaration objecting to Mr. Ainley's supplemental declaration as irrelevant and untimely.

Suffice to say, both supplemental filings were improper. See CIV. L.R. 7-3(d) ("Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed . . .. Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."). This court might well have disregarded both supplemental declarations, which largely contain more quibbling by the parties on matters that are not before the court; but it has read and considered them insofar as they discuss matters pertinent to the resolution of the instant dispute. Nevertheless, it does not condone the failure to comply with the court's Local Rules and warns against future non-compliance.

### 3. Plaintiffs' Counsel's Instructions Not to Answer Deposition Questions

LS&Co. contends that during plaintiffs' depositions, plaintiffs' counsel improperly instructed the deponent not to answer several questions on grounds other than privilege. (See Motion, Appendix A). Plaintiffs argue that their counsel's instructions were justified because

**United States District Court**
For the Northern District of California

1 (a) plaintiffs are obliged to assert objections, or risk waiving them; (b) plaintiffs answered ten of
2 the twenty-two or so questions identified by LS&Co. as having been unanswered; and (c)
3 defense counsel's questions sought information protected by the attorney-client privilege or the
4 work product doctrine.

5 With respect to plaintiffs' argument concerning waiver, the issue before the court is not
6 whether plaintiffs may *assert* objections, but whether they properly may instruct a deponent not
7 to answer questions based upon those objections. Rule 30(d)(1) of the Federal Rules of Civil
8 Procedure provides that "[a] person may instruct a deponent not to answer *only when necessary*
9 *to preserve a privilege, to enforce a limitation directed by the court, or to present a motion*
10 *under Rule 30(d)(4)*." FED.R.CIV.P. 30(d)(1) (emphasis added).

11 Here, the cited deposition transcript excerpts indicate that all of plaintiffs' counsel's
12 instructions not to answer were improper. Plaintiffs' counsel objected to a number of questions
13 on the grounds that they were, for example, vague, hypothetical, speculative, harassing,
14 pertained to the allegations in the complaint, or called for expert testimony – none of which are
15 contemplated by Fed.R.Civ.P. 30(d)(1) as proper grounds for an instruction not to answer.
16 Moreover, plaintiffs have not convincingly demonstrated that the questions posed about the
17 allegations in the complaint call for privileged or work product information. The complaint is a
18 publicly filed document which is intended to put defendants on notice as to the nature of the
19 claims being made against them. LS&Co. is entitled to obtain testimony from plaintiffs as to
20 their understanding or appreciation of the allegations and any facts of which they are aware that
21 support those allegations. Further, on the record presented, the court is unpersuaded that any
22 other questions (as phrased) impinged upon privileged or work product information.

23 Nevertheless, the cited deposition testimony indicates that plaintiffs did (eventually)
24 answer several questions in substance. Those questions, as identified in LS&Co.'s motion,
25 Appendix A are as follows:

26 - Walsh Deposition at 386:2-18;
- Walsh Deposition at 444:5-16;
27 - Walsh Deposition at 445:2-16;
- Walsh Deposition at 446:5-12;
28 - Walsh Deposition at 448:21-449:2;
- Walsh Deposition at 470:10-17;

3

1       • Schmidt Deposition at 368:3-10; and
2       • Schmidt Deposition at 626:3-15.

(See LS&Co. Motion, Appendix A).

Additionally, LS&Co. cites to several questions which apparently pertain to a Broderick Street property in San Francisco. LS&Co. moved to compel answers to these questions in the apparent belief that the property is part of plaintiffs' claimed damages. However, at oral argument, plaintiffs' counsel represented to the court that this property is not a part of their claimed damages or a component thereof. Accordingly, plaintiffs need not answer the questions about the Broderick Street property.

### 4.    The Length and Conduct of Plaintiffs' Depositions

Aside from the improper instructions not to answer, LS&Co. argues that additional time is needed because plaintiffs' counsel engaged in improper conduct designed to thwart defense counsel's line of questioning. Here, LS&Co. asserts that it needs to depose each plaintiff for five full days, and it appears that the parties agreed that plaintiffs' depositions would not be limited to the presumptive seven-hour limit under Fed. R. Civ. P. 30. However, LS&Co. claims that it has obtained only three days of deposition from Walsh. While Schmidt apparently appeared for deposition on five days, LS&Co. argues that it obtained little more than 19.5 hours of testimony from him. LS&Co. asserts that plaintiffs' counsel unilaterally stopped plaintiffs' depositions without justification, took long breaks and engaged in other unprofessional conduct which, in at least one instance, culminated in an altercation between plaintiffs' counsel and defense counsel on the record during Walsh's deposition. LS&Co. requests that plaintiff Walsh be ordered to appear for an additional 17.5 hours of deposition and that plaintiff Schmidt be ordered to appear for an additional 14 hours of deposition.

Plaintiffs oppose LS&Co.'s motion, in part, by arguing about alleged misconduct by defense counsel in connection with discovery matters other than the depositions in question. These arguments and materials are irrelevant to the resolution of the matters at hand, and this court has not considered them in ruling on the instant motion. Plaintiffs nonetheless maintain that any time wasted during their deposition is due entirely the fault of defense counsel, whom

4

1  they say conducted the examinations in a vexatious and harassing manner. They now request
2  an order terminating their depositions.

3  As discussed above, plaintiffs' counsel's instructions not to answer were improper; and,
4  the record before the court indicates that neither side's conduct has been particularly
5  commendable. At the same time, however, it is not clear on the present record that Schmidt
6  took unusually long or improper breaks, as LS&Co. contends. While there apparently is no
7  dispute that Schmidt's deposition sessions ended early to accommodate Schmidt, plaintiffs
8  claim that his deposition sessions ended, at most, thirty minutes shy of the 5:00 p.m. stopping
9  point. Moreover, when pressed at oral argument to identify how he had been thwarted in his
10 examination (aside from the improper instructions not to answer the complaint), defense
11 counsel acknowledged that Walsh had, by and large, answered questions, but they simply ran
12 out of time. LS&Co. nevertheless maintains that the instant lawsuit involves complex financial
13 issues, and says that it needs to examine both plaintiffs about the reasons they believe that
14 defendants' alleged conduct was illegal. Further, LS&Co. asserts that it needs to further
15 examine Walsh about the complaint allegations, tax and accounting issues. As for Schmidt,
16 LS&Co. says that it needs more time to cover a number of tax issues concerning European tax
17 positions and entities, as well as about an alleged Brazilian tax shelter, bad debt and worthless
18 stock.

19 Based on the foregoing, and in view of the record as a whole, LS&Co. shall have an
20 additional **5 hours** to depose Walsh, and an additional **10 hours** to depose Schmidt.

21 The parties next dispute whether plaintiffs' depositions must proceed on consecutive
22 days (as plaintiffs request) or whether the depositions may proceed on non-consecutive days (as
23 LS&Co. desires). There is a history between the parties on this particular issue, and in their
24 briefs, each side has recited, at length, its version of that history in the apparent hope of
25 convincing the court that the other side has been unreasonable. As noted at the motion hearing,
26 the court finds that fair and sensible counsel should have been able to resolve this particular
27 dispute between themselves. Nevertheless, since the parties have been unable to reach any
28 agreement: The court believes that the depositions should take place at a date, place and time

that is mutually agreeable and convenient to the deponents and all counsel. Ideally, plaintiffs' depositions would be conducted and completed over consecutive days, but the court will not mandate it here.

Finally, the court notes that the record presented indicates that the parties are unable (or unwilling) to deal courteously and reasonably with one another. At oral argument, counsel for both parties stated that they actually get along better than their papers suggest. Nevertheless, as proposed at the motion hearing, this court will consider recommending the appointment of a special master if the parties' relations do not improve. In any event, it is hoped that the parties and their counsel will deal with one another with respect and courtesy. Further, it appears that some general guidelines are necessary and bear stating here:

    a.    Counsel shall refrain from instructing deponents not to answer pending questions, except as authorized under Fed. R. Civ. P. 30(d)(1);

    b.    Breaks taken during the depositions shall not count against the time limit for the examination;

    c.    Colloquy between counsel on the record shall not count against the time limit for the examination;

    d.    No breaks shall be taken while a question is pending;

    e.    The depositions shall be recorded in such a way to show the time elapsed on the deposition transcript.

IT IS SO ORDERED.

Dated: December 26, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

1  **5:04-cv-1026 Notice will be electronically mailed to:**

2  Joseph Heathcliff Ainley   JAinley@popelka.com, gsimmons@popelka.com

3  Franklin Edward Bondonno   fbondonno@popelka.com, dlee@popelka.com

4  Philip Edward Kay   phil@nosexualharassment.com

5  Rebecca Justice Lazarus   rjustice@gibsondunn.com, rmcbain@gibsondunn.com

6  Jeffry W. Lochner   jlochner@popelka.com, kanderson@popelka.com; jlochner@verizon.net

7  Sheila Marie Pierce   sheila.pierce@bingham.com

8  Erin E. Schneider   eschneider@gibsondunn.com

9  Austin Van Schwing   aschwing@gibsondunn.com

10 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

7