**United States District Court**
For the Northern District of California

**\*E-FILED: 4/11/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH, | No. C04-01026 RMW (HRL) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LEVI STRAUSS & CO.'S MOTION TO COMPEL DOCUMENTS** |
| v. | |
| LEVI STRAUSS & CO., LAURA LIANG and DOES 1-50, | |
| Defendants. | [Re: Docket No. 133] |
| RELATED COUNTER-ACTION | |

On April 10, 2007, this court heard the "Motion to Compel the Production of Documents" filed by defendant Levi Strauss & Co. (LS&Co.). Plaintiffs Robert Schmidt and Thomas Walsh opposed the motion. Upon consideration of the papers filed by the parties,[1] as well as the arguments of counsel, this court grants the motion in part and denies the motion in part.

---

[1] Plaintiffs failed to timely file their opposition brief and offered no explanation for the delay. Their opposition, which was due March 20, 2007, was not filed until March 27, 2007 – i.e., the same day LS&Co.'s reply was due. *See* Civ. L.R. 7-3. This court has accepted and considered plaintiffs' belated brief. However, it does not condone the failure to make timely filings and warns against future non-compliance.

**I.  BACKGROUND**

This is an action brought under the Sarbanes-Oxley Act, 18 U.S.C. § 1541A.  Plaintiffs are former employees of defendant LS&Co. and worked under the supervision of defendant Laura Liang.  They claim that they were terminated in retaliation for filing complaints about defendants' alleged tax fraud and other accounting irregularities.  They also allege that defendants defamed them.  Defendants contend that plaintiffs were fired for insubordination and for work performance issues.

Before filing the instant lawsuit, plaintiffs filed a Sarbanes-Oxley complaint against LS&Co. with the U.S. Department of Labor ("DOL").  In that proceeding, a DOL investigator, Robert Paine, interviewed both plaintiffs in or around June or July 2003.  LS&Co. says that in those interviews, plaintiffs provided information about the same alleged tax and accounting improprieties which are at issue in this litigation, as well as information about their employment relationships with other LS&Co. employees.

Several documents were generated in connection with the DOL interview process.  Paine prepared summaries of the interviews, which he gave to plaintiffs for their review.  Plaintiffs provided corrections to the initial summaries, and those corrections reportedly were incorporated into the DOL's final interview summaries dated September 8, 2003.  Additionally, Paine sent written questions to plaintiffs, and plaintiffs submitted their answers in writing to the DOL.

Plaintiffs have produced some documents pertaining to the DOL proceedings – namely, the DOL's initial interview summaries; the September 8, 2003 final interview summary re Walsh; an incomplete copy of the September 8, 2003 final interview summary re Schmidt; and Paine's written questions to plaintiffs.  However, plaintiffs refuse to produce the following three categories of documents, which are now the subject of the instant motion to compel:

(1)  plaintiffs' corrections to the DOL's initial interview summaries;

(2)  plaintiffs' answers to Paine's questions; and

(3)  a complete copy of the DOL's final summary of Schmidt's interview.

## II. DISCUSSION

**A.    Whether the Instant Motion is Moot**

Preliminarily, plaintiffs contend that the instant motion is moot. They assert that they agreed to produce only a limited category of documents which they obtained from the DOL through their request under the Freedom of Information Act (FOIA). Plaintiffs say that because all of those documents have been produced, LS&Co.'s motion to compel should be denied. Further, plaintiffs argue that they should not be compelled to produce anything more because (a) they never agreed to produce any other documents and (b) LS&Co. never requested the documents during discovery.

Despite plaintiffs' claims to the contrary, the record presented shows that LS&Co. did, in fact, serve a formal request on each plaintiff seeking "[a]ll documents that refer or relate to any complaint you made to anyone at any governmental agency of any activity at LS&Co. that you characterized as illegal." (*See* Schwing Decl., Ex. L (Document Request No. 21 to Walsh) and Ex. M (Document Request No. 21 to Schmidt)). The documents at issue are responsive to those requests. For purposes of resolving the instant motion, it is immaterial whether plaintiffs agreed to produce only some responsive documents. Accordingly, the court declines to find that the issues raised by the instant discovery motion are moot.

**B.    Whether the Work Product Doctrine Applies**

Alternatively, plaintiffs argue that the requested documents are protected by the work product doctrine. However, they have failed to demonstrate that the materials in question qualify as "work product" under Fed. R. Civ. P. 26(b)(3).

Plaintiffs assert that the documents at issue contain their attorneys' "mental impressions." At the motion hearing, plaintiffs' counsel asserted that he acted as a conduit for plaintiffs' communications to the DOL. Additionally, he says that he understood (at least initially) that communications with the DOL would be confidential – albeit, the DOL investigator later indicated that the confidentiality (or not) of communications would be determined in some *ad hoc* fashion on a "case-by-case basis." (Ainley Decl., ¶ 4). But plaintiffs have not convincingly demonstrated that the work product doctrine applies to

3

1  documents which were disclosed to the government[2] and which plaintiffs say are equally
2  available to LS&Co. through normal discovery avenues.

3  Plaintiffs suggest that any documents they exchanged with the DOL somehow became
4  "work product" because, they say, LS&Co. could have, but did not, make any effort to obtain
5  the documents directly from the DOL.  Here, plaintiffs twist the general principle that materials
6  which otherwise qualify as work product may be discovered "only upon a showing that the
7  party seeking discovery has substantial need of the materials in the preparation of the party's
8  case and that the party is unable without undue hardship to obtain the substantial equivalent of
9  the materials by other means." FED.R.CIV.P. 26(b)(3).  As discussed above, plaintiffs have
10 failed to show that the documents in question qualify as "work product" in the first instance.  In
11 any event – and despite plaintiffs' counsel's attestation to the contrary (*see* Ainley Decl., ¶ 12) –
12 the record before the court indicates that (a) LS&Co. submitted two FOIA requests to the DOL
13 and (b) defense counsel advised plaintiffs' counsel, orally and in writing, about LS&Co.'s
14 pending FOIA requests (to which there apparently has not yet been a response).  (*See* Lazarus
15 Decl., ¶¶ 5-6, Ex. B).

16 Accordingly, this court concludes that the work product doctrine does not apply.

17 **C.    Specific Documents at Issue**

18 **1.    Plaintiffs' Corrections to the Initial Interview Summaries**

19 LS&Co. moves to compel plaintiffs' corrections to the DOL's initial interview
20 summaries.  There is no dispute that the DOL interviews are relevant.  Plaintiffs argue that they
21 never agreed to produce their corrections; but, as discussed above, the documents are
22 responsive to LS&Co.'s document requests which were served well within the period allotted
23 for fact discovery.  Moreover, plaintiffs have already produced both the DOL's initial and final
24 interview summaries (albeit, as discussed below, the final summary re Schmidt apparently is
25 incomplete).  This court sees no reason why LS&Co. should be barred from obtaining plaintiffs'

---

[2]    At oral argument, plaintiffs suggested that the documents at issue are like those belonging to attorney Steven Todrys, which this court previously concluded were protected by the work product doctrine.  However, as LS&Co. correctly points out, Todrys produced all documents which had been disclosed to various government entities.

4

1 corrections which reportedly culminated in the final interview summaries that have already
2 been produced.

Accordingly, LS&Co.'s motion as to these documents is GRANTED.

### 2. Plaintiffs' Answers to the DOL Investigator's Questions

Plaintiffs have produced a copy of the DOL investigator's questions. Those questions appear to pertain to the same allegations of tax and accounting fraud that are at issue in the instant lawsuit. (*See* Lazarus Decl., Ex. A). There being no dispute as to the relevance of the questions, plaintiffs have failed to offer any convincing reason why they should be permitted to withhold their answers to those questions. Accordingly, LS&Co.'s motion as to these documents is GRANTED.

### 3. Complete Version of the DOL's Final Summary of Schmidt's Interview

Plaintiffs have produced a copy of the DOL's final summary of Schmidt's interview. That copy apparently is missing some pages, but plaintiffs say that is how the documents were received from the DOL – perhaps due to a clerical oversight at the DOL. They represent that they do not possess a complete copy of that summary. LS&Co. acknowledges that plaintiffs need only produce documents which are in their "possession, custody or control." *See* Fed.R.Civ.P. 34(a). It nevertheless contends that because the DOL released the documents to plaintiffs, plaintiffs should be deemed to "control" the documents such that they bear the burden of requesting a complete copy from the DOL.

LS&Co. cites two cases – neither of which dictate the result it seeks here. The first case, *Legato Sys., Inc. Securities Litig.*, 204 F.R.D. 167 (N.D. Cal. 2001) is distinguishable from the situation under consideration. In that case, the court concluded that the transcript of defendant's testimony before the Securities Exchange Commision (SEC) was deemed to be in defendant's "control" such that he was obliged to order a copy of that transcript from the SEC and produce it in response to plaintiffs' discovery request. However, in *Legato*, the responding party held the exclusive right (under SEC regulations) to command the release of the documents at issue. *See id*. at 170. Here, by contrast, it is not evident that plaintiffs hold the exclusive right to request the documents from the DOL. LS&Co. says that its FOIA requests have not been

fruitful, suggesting that the lack of response from the DOL might be due either to delays, or perhaps, the DOL's refusal to produce certain documents. Nevertheless, LS&Co. does not deny that it also could have secured the documents by subpoena.

The second case cited by LS&Co., *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450 (9th Cir. 1989), does not support LS&Co.'s position. Indeed, in that case, the Ninth Circuit concluded that the documents at issue (local union election records) were <u>not</u> in defendant's control such that defendant would be required to produce them in response to a subpoena. Among other things, the Ninth Circuit observed that the documents were available to the requesting party directly from the local unions. *See id*. at 1454.

Here, plaintiffs represented to the court at oral argument that they do not have (and possibly never did have) a complete copy of the DOL's final summary of Schmidt's interview. Thus, it appears that all copies, versions, and iterations of that summary which they have in their possession, custody or control have already been produced to LS&Co. Accordingly, LS&Co.'s motion as to these documents is DENIED.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. LS&Co.'s motion to compel is GRANTED as to (a) plaintiffs' corrections to the DOL's initial interview summaries and (b) plaintiffs' answers to the DOL investigator's questions. Plaintiffs shall produce these documents to LS&Co. **within ten days from the date of this order**.

2. LS&Co.'s motion to compel plaintiffs to produce a complete copy of the DOL's final summary of Schmidt's interview is DENIED.

Dated: April 11, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

**5:04-cv-1026 Notice will be electronically mailed to:**

Joseph Heathcliff Ainley JAinley@popelka.com, gsimmons@popelka.com

Franklin Edward Bondonno fbondonno@popelka.com, dlee@popelka.com

Philip Edward Kay phil@nosexualharassment.com

Rebecca Justice Lazarus rjustice@gibsondunn.com, rmcbain@gibsondunn.com

Jeffrey A. Leon jleon@leonandleon.com, leonandleon@leonandleon.com

Jeffry W. Lochner jlochner@popelka.com, kanderson@popelka.com; jlochner@verizon.net

Sheila Marie Pierce sheila.pierce@bingham.com

Gabriel Neil Rubin grubin@stblaw.com, jlaw@stblaw.com; hlelaind@stblaw.com

Erin E. Schneider eschneider@gibsondunn.com

Austin Van Schwing aschwing@gibsondunn.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.