**\*E-FILED: 9.10.2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH,<br><br>        Plaintiffs,<br>   v.<br><br>LEVI STRAUSS & CO., LAURA LIANG and DOES 1-50,<br><br>        Defendants.<br>_____/<br><br>RELATED COUNTER-ACTION<br>_____/ | No. C04-01026 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DOCUMENTS AND A PRIVILEGE LOG**<br><br>**[Re: Docket No. 166]** |

Plaintiffs Robert Schmidt and Thomas Walsh move to compel further production of documents and a privilege log. Defendant Levi Strauss & Co. ("LS&Co.") opposed the motion. Having considered the moving and responding papers, as well as the arguments presented at the September 4, 2007 motion hearing, this court grants the motion in part and denies the motion in part.

This is an action brought under the Sarbanes-Oxley Act, 18 U.S.C. § 1541A. Plaintiffs are former employees of defendant LS&Co. who worked under the supervision of defendant Laura Liang. They claim that they were terminated in retaliation for filing complaints about defendants' alleged tax fraud and other accounting irregularities. They also allege that defendants defamed them. Defendants contend that plaintiffs were fired for insubordination and

1  for work performance issues.  LS&Co. has filed counterclaims against plaintiffs, alleging that
2  they wrongfully took confidential company documents when they were terminated.
3        In the instant motion, plaintiffs seek an order compelling LS&Co. to (a) reproduce its
4  entire document production in native electronic format; (b) produce certain documents which
5  Schmidt returned to the company; and (c) provide a privilege log of all withheld and redacted
6  documents.  The court addresses each of these issues in turn.

7  **A.**     **<u>Electronic Copies of All Documents Defendants Previously Produced</u>**

8        Plaintiffs move to compel LS&Co. to reproduce, in native electronic format, all
9  documents which defendants produced in the course of this litigation.  However, the precise
10 documents plaintiffs seek, and the reasons why electronic versions are now being sought, have
11 been somewhat of a moving target in their papers.  Initially, plaintiffs indicated that LS&Co.'s
12 entire document production must be reproduced in electronic form because, plaintiffs suggested,
13 certain (unidentified) documents had been edited or altered by LS&Co. or by its attorneys.
14 There is no indication in the record presently before the court that defendants' documents have
15 been altered in any way – except to the extent that defense counsel added document production
16 numbers, confidentiality labels and, in some instances, indicated that certain information had
17 been redacted.  (*See* Schwing Decl., ¶ 7).

18       In their reply papers, plaintiffs now say that they need the electronic versions of
19 (unidentified) emails and attachments as well as all documents which contain information that
20 does not fit on a standard 8.5"x11" page.  They claim that they have been unable to track which
21 attachments were sent with any given email.  Additionally, they argue that they have been
22 unable to properly analyze hard-copy spreadsheets (some of which reportedly are hundreds of
23 pages long) that contain financial information that runs over the margins of a standard page.

24       Plaintiffs have provided no basis for compelling LS&Co. to now reproduce its entire
25 document production in native, electronic format.  There is no dispute that plaintiffs' document
26 requests, which were served well before the December 2006 amendments to Fed.R.Civ.P. 34
27 took effect, did not specify the form in which documents were to be produced.  Moreover, all
28 fact discovery in this case (with very limited exceptions) closed on September 15, 2006; and,

plaintiffs reportedly never objected at any time during discovery to defendants' production of hard-copy documents. Indeed, plaintiffs acknowledge that they did not seek electronic versions of LS&Co.'s documents until some six months after discovery closed.

Plaintiffs contend that it is "black-letter law" that LS&Co. is obliged to now re-produce its entire document production in electronic form. However, the cases they cite merely acknowledge the principle that electronically stored information falls within the definition of "document" under Fed.R.Civ.P. 34. *See, e.g., Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382-83 (7th Cir. 1993) ("[T]he Advisory Committee notes to the 1970 amendment of Federal Rule of Civil Procedure 34 make clear that computer data is included in Rule 34's description of documents."); *Rowe Entertainment, Inc. v. The William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002) ("Electronic documents are no less subject to disclosure than paper records."); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1053 (S.D. Cal. 1999) ("The Court finds that by requesting 'documents' under Fed.R.Civ.P. 34, Plaintiff also effectively requested production of information stored in electronic form.").

LS&Co. has cited some authority (albeit, one case is unpublished) indicating that, under the former version of Fed.R.Civ.P. 34, it was not obliged to produce its documents in electronic *and* hard copy form. *See India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 194 (E.D. Wis. 2006) ("A party may request information in a specific electronic format, but if it instead simply asks for 'documents,' adopting the definition in Rule 34(a), production in electronic format is not required."); *Northern Crossarm Co., Inc. v. Chemical Specialties, Inc.*, No. 03-C-415-C, 2004 WL 635606 *1 (W.D. Wis., Mar. 3, 2004) ("If a party produces its electronic information in a hard copy format that mimics the manner in which that information is stored electronically, then that party has not disobeyed Rule 34.").

Federal Rule of Civil Procedure 34, as amended, now allows a party to "specify the form or forms in which electronically stored information is to be produced." FED.R.CIV.P. 34(b). However, plaintiffs do not seem to contend that those amendments apply here. At any rate, the amended Fed.R.Civ.P. 34 provides that where, as here, "a request does not specify the form or forms for producing electronically stored information," then "a responding party must produce

3

1  the information in a form or forms in which it is ordinarily maintained *or* in a form or forms that
2  are reasonably usable." FED.R.CIV.P. 34(b)(ii) (emphasis added).  Further, unless the parties
3  agree or the court otherwise orders, "a party need not produce the same electronically stored
4  information in more than one form." FED.R.CIV.P. 34(b)(iii).

5  Thus, this court is unpersuaded that LS&Co. should now be made to reproduce its entire
6  document production in electronic form.  The apparent burden and expense of such an
7  undertaking (*see* Declaration of David A. Burdine, LS&Co.'s Director of Global Data Center
8  Operations) would appear to dwarf any benefit to plaintiffs.  *See* FED.R.CIV.P. 26(b)(2)(C).
9  Accordingly, plaintiffs' motion as to this issue is denied.  However, the denial is without
10 prejudice to plaintiffs to specifically identify for defendant (on a document-by-document basis)
11 those documents which they assert are unusable or unreadable in hard copy format.  The court is
12 hopeful that defendant will then provide plaintiffs with electronic versions of those identified
13 documents and that the matter will be resolved.  Nevertheless, the court will entertain a further
14 motion as to any specific documents as to which the parties are unable to agree.

15 **B.     Documents Returned by Plaintiff Schmidt**

16 As noted above, LS&Co. has filed a counterclaim against plaintiffs, alleging that they
17 wrongfully took confidential company documents when they were terminated.  With respect to
18 Walsh, plaintiffs claim that there is no evidence that he had any company documents in his
19 possession.  Schmidt, however, reportedly did have several thousand documents on his hard
20 drive.  After discovery began, LS&Co. requested the return of all of those documents.  After
21 preparing a log of the documents, plaintiffs did so.  They then requested that LS&Co. reproduce
22 copies of those documents in discovery.  They now claim that LS&Co. produced only portions
23 of the documents and withheld hundreds of others.

24 Because LS&Co. has expressly abandoned all claims against plaintiffs as to the
25 documents that it has not reproduced in this case (*see* Schwing Decl., ¶ 9, Ex. C), plaintiffs have
26 not convincingly demonstrated how they will be prejudiced (if at all) in preparing a defense
27 against LS&Co.'s counterclaims.
28

4

Plaintiffs nonetheless insist that the withheld documents are relevant to the parties' claims and defenses. LS&Co. maintains that they are completely irrelevant. However, plaintiffs have identified categories of withheld documents which they believe are relevant, including:

- organizational charts showing LS&Co.'s operations by region;
- a memo from Georgiana Scodel to plaintiff Schmidt re "problems over the years with FinServe";
- materials concerning advance royalties; and
- documents (directly and indirectly) discussing foreign tax credit issues.

Although Schmidt's declaration as to the purported relevance of these documents is unsigned, plaintiffs have made some effort to articulate and explain how the withheld documents fall within the broad standard of relevance under Fed.R.Civ.P. 26(b)(1). (*See* Schmidt Reply Decl., ¶¶ 2-7).

In its opposition papers, LS&Co. unequivocally stated that the documents were not being withheld as privileged, but rather on the ground that they are irrelevant. It was not until oral argument that LS&Co. broadly asserted, for the first time, that the documents might also be privileged because Schmidt was a licensed attorney during his employment at LS&Co. There is nothing in the record presented to substantiate LS&Co.'s belated assertion that some or all of the withheld documents are privileged – or that any privilege will be waived if the documents are reproduced to plaintiffs, who evidently have seen all of the documents at some point in time.

Accordingly, plaintiffs' motion to compel the withheld documents is GRANTED. LS&Co. shall produce those documents to plaintiffs **no later than September 21, 2007**.

### C.     Redacted Documents

The parties seem to hold radically different views as to the universe (and volume) of documents at issue. Nevertheless, plaintiffs appear to seek a privilege log as to two general groups of documents: (1) documents which were returned by plaintiffs but not re-produced by LS&Co.; and (2) documents which have been produced in redacted form by LS&Co.

1    In view of the court's ruling that documents in the first group are to be produced (*see*
2 Section B, above), plaintiffs' motion to compel a privilege log of those documents is moot.
3    As for the second group, it is not clear precisely what documents are in question.
4 Plaintiffs assert that there are hundreds of redacted documents which have not been logged.
5 According to defendant, there are only *five* redacted documents at issue. (*See* Schwing Decl., ¶
6 17, Ex. J). Moreover, in an August 14, 2007 letter to plaintiffs' counsel, defense counsel
7 provided a log that identifies each of these five documents, briefly describes the redacted
8 information and states why it was redacted (e.g., not responsive to any request, private,
9 protected by the attorney-client privilege and the work product doctrine). (*See id.*, Ex. J).
10 Based on the record presently before it, the court is unable to ascertain precisely what (if any)
11 documents remain in dispute; and, the parties offered no clarification at the motion hearing.
12    However, at oral argument, plaintiffs advised that they have prepared a list (by Bates
13 production number) of the documents in dispute, and the parties have agreed to meet-and-confer
14 as to those documents. The court is confident that the parties ought to be able to resolve this
15 matter between themselves without further judicial intervention. Accordingly, plaintiffs'
16 motion as to this issue is denied. However, the denial is without prejudice to plaintiffs to bring
17 a more focused motion identifying specific documents over which the parties are unable to
18 agree.
19    IT IS SO ORDERED.
20 Dated:    September 10, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

**5:04-cv-1026 Notice will be electronically mailed to:**

Joseph Heathcliff Ainley   JAinley@popelka.com, gsimmons@popelka.com

Franklin Edward Bondonno   fbondonno@popelka.com, dlee@popelka.com

Adi Herzberg   aherzberg@gibsondunn.com, bhonniball@gibsondunn.com, mjanky@gibsondunn.com

Philip Edward Kay   phil@nosexualharassment.com

Rebecca Justice Lazarus   rjustice@gibsondunn.com, rmcbain@gibsondunn.com

Jeffrey Alan Leon   jleon@leonandleon.com, leonandleon@leonandleon.com

Jeffry William Lochner   jlochner@popelka.com, jlochner@verizon.net, kanderson@popelka.com

Sheila Marie Pierce   sheila.pierce@bingham.com

Gabriel Neil Rubin   grubin@stblaw.com, hlelaind@stblaw.com, jlaw@stblaw.com

Erin E. Schneider   eschneider@gibsondunn.com

Austin Van Schwing   aschwing@gibsondunn.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.