**E-FILED on** 9/30/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SCHMIDT and THOMAS WALSH,<br><br>    Plaintiffs,<br><br>    v.<br><br>LEVI STRAUSS & CO., LAURA LIANG, and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. C-04-01026 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DEFAMATION CLAIMS<br><br>**[Re Docket No. 187]** |

Defendants Levi Strauss & Co. ("Levi") and Laura Liang ("Liang") move for summary judgment on plaintiffs Robert Schmidt's ("Schmidt") and Thomas Walsh's ("Walsh") seventh claim for relief for defamation. In this narrow motion, the defendants argue that they cannot be liable for defamation because Schmidt and Walsh self-published the allegedly defamatory statements. The plaintiffs oppose the motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court denies Levi and Liang's motion for summary judgment on Schmidt and Walsh's defamation claims.

The plaintiffs' defamation claim centers on three documents. On July 8, 2002, Liang issued a written improvement notice to Walsh citing "errors in judgment" and "insubordination." Lazarus Decl., Ex. B. On December 10, 2002, Liang issued termination notices to both Walsh and Schmidt.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DEFAMATION CLAIMS
No. C-04-01026 RMW
TSF

1 *Id.*, Exs. D & E. Walsh's termination notice cites performance failures for his termination. *Id.*, Ex.
2 D. Schmidt's termination notice cites various "issues of integrity." *Id.*, Ex. E. Both Walsh and
3 Schmidt received copies of their termination notices (though Schmidt refused to sign an
4 acknowledgment of receipt), and copies were cc'ed to the personnel file. *See id.*, Exs. D & E. These
5 statements form the basis of the plaintiffs' respective defamation claims.

6 But it is undisputed is that neither Levi nor Liang ever published the allegedly defamatory
7 performance reviews to any third parties. Lazarus Decl., Ex. I ¶¶ 2, 3 & Ex. J ¶¶ 4, 5. Schmidt and
8 Walsh both concede that they are unaware of Levi or Liang ever publishing the contents of their
9 performance reviews to third parties. *Id.*, Ex. H at 826:16-20 (Schmidt deposition) & Ex. K at
10 529:15-530:5 (Walsh deposition).

11 Defamation requires publication to a third party to be actionable. *Live Oak Publishing Co. v.*
12 *Cohagan*, 234 Cal. App. 3d 1277, 1284 (1991). "A plaintiff cannot manufacture a defamation cause
13 of action by publishing the statement to third persons; the publication must be done by the
14 defendant." *Id.* Yet there is an exception to the rule where it is foreseeable that the defendant's acts
15 would lead to publication to a third person. *Id.* This exception is narrow; indeed, it must be to
16 prevent the "manufacture" of defamation suits. The California Court of Appeal, quoting Prosser,
17 described it as applying where "because of some necessity he was under to communicate the matter
18 to others, it was reasonably to be anticipated that he would do so." *Id.* at 1285. In the employment
19 context present here, it applies where "the employee must explain the statement to subsequent
20 employers, who will surely learn of it if they investigate his or her past employment." *Id.*;
21 *McKinney v. County of Santa Clara*, 110 Cal. App. 3d 787 (1980).

22 The *McKinney* case provides a concrete example of this rule. In *McKinney*, the plaintiff was
23 a deputy sheriff who restated the allegedly defamatory comments in interviews with police
24 departments. 110 Cal. App. 3d at 792-93. The former sheriff argued that it was foreseeable that he
25 would be under a strong compulsion to republish his employer's allegedly defamatory remarks when
26 he was asked in interviews why he left his prior job. *Id.* at 795. The court summarized the common
27 law's exceptions for self-publication, and noted that the exception applies where "the originator of
28 the defamatory statement has reason to believe that the person defamed will be under a strong

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DEFAMATION CLAIMS
No. C-04-01026 RMW
TSF 2

1  compulsion to disclose the contents of the defamatory statement to a third person *after* he has read it
2  or been informed of its contents." *Id.* at 796 (emphasis in original).  Accordingly, the court
3  fashioned a three-part test for the exception to pertain.  *Id.* at 798.  First, the defendant who
4  originally made the defamatory statement must know that the defamed party will be "under a strong
5  compulsion to disclose the contents of the alleged defamatory statements to third parties."  *Id.*
6  Second (and relatedly), it must have been reasonably foreseeable to the defendant that the defamed
7  party would disclose the statements.  *Id.*  Finally, the defamed party must have actually published
8  the statements to third parties.  *Id.*

9  Whether someone is under a "strong compulsion" is a factual issue, but failure to adduce
10 evidence of that compulsion can support summary judgment.  *Davis v. Consolidated Freightways*,
11 29 Cal. App. 4th 354, 372-73 (1994).  In *Davis*, the court quoted *Live Oak* and affirmed a grant of
12 summary judgment "because he failed to show there was ever any 'negative job reference'
13 attributable to CF that plaintiff had to explain."  *Id.* at 373.  Moreover, the plaintiff conceded that
14 "CF had a strictly enforced policy against giving out any information to prospective employers about
15 former employees except their dates of employment" and that "there was no indication that any CF
16 representative ever discussed the incident outside CF."  *Id.*

17 The plaintiffs rely on the exception discussed in *Live Oak* to justify assigning liability to
18 Levi and Liang for the plaintiffs' own publication of the statements about them.  The plaintiffs must
19 show that Levi knew that the plaintiffs would feel a "strong compulsion" to publish their
20 employment records and that Levi could reasonably foresee that the plaintiffs would do so in future
21 job interviews.  The evidence offered is marginally sufficient to raise a triable issue of fact on each
22 element.

23 Accordingly, the court denies the motion for summary judgment on the plaintiffs' defamation
24 claims.

26 DATED:    9/30/2008

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DEFAMATION CLAIMS
No. C-04-01026 RMW
TSF                                                     3

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Mark B. Fredkin          mfredkin@mffmlaw.com

**Counsel for Defendants:**

Adi Herzberg             aherzberg@gibsondunn.com
Rebecca Justice Lazarus  rjustice@gibsondunn.com
Sheila Marie Pierce      sheila.pierce@bingham.com
Erin E. Schneider        eschneider@gibsondunn.com
Austin Van Schwing       aschwing@gibsondunn.com
Jeffrey Alan Leon        jleon@leonandleon.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   9/30/2008                                   TSF
                                                **Chambers of Judge Whyte**